JUDGE SAND

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CV 0432

------------------------------------------------------------X

CHARLES BATISTA,

11 CV 0432 (LBS)

            Plaintiff,

**COMPLAINT**

       vs.

**JURY TRIAL DEMANDED**

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MIGUEL ROSA, POLICE OFFICER JEREMIAS
TORRES AND POLICE OFFICERS JOHN DOE
NUMBERS 1-5, UNKNOWN AND INTENDED
TO BE OTHER NEW YORK CITY POLICE
OFFICERS INVOLVED IN THE
OCCURRENCES HEREIN,



            Defendants.

------------------------------------------------------------X

      Plaintiff CHARLES BATISTA, by his attorneys, Donaldson, Chilliest & McDaniel, LLP, complaining of the defendants herein, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff CHARLES BATISTA was twenty-nine years old at the time of the incident and he is a United States citizen of Hispanic decent. This action on October 25, 2009, in the County, City and State of New York and such claims are continuing. Plaintiff, while not engaging in any criminal activity, was deprived of his constitutional and common law rights when defendants POLICE OFFICER MIGUEL

ROSA, POLICE OFFICER JEREMIAS TORRES and POLICE OFFICERS JOHN DOE NUMBERS 1-5, UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCES HEREIN (hereinafter referred to as the "individual police officer defendants"), assaulted and battered plaintiff, unlawfully detained plaintiff, falsely arrested plaintiff, unlawfully imprisoned plaintiff and falsely accused plaintiff of crimes that he did not commit, causing plaintiff to become physically and psychologically injured and prosecuted for crimes that he did not commit. The underlying criminal case against plaintiff was reduced from a felony to a misdemeanor and ultimately dismissed and sealed eleven months later prior to trial. There is a video tape recording of defendants' attack on plaintiff BATISTA.

## JURISDICTION

2. This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

3. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff CHARLES BATISTA, was and still is a resident of the County, City and State of New York.

6. At all times relevant herein, defendant POLICE OFFICER MIGUEL ROSA was and is a police officer of the New York City Police Department, who was assigned to the Manhattan North Impact Response Team and is now assigned to the 34th Precinct, in the County, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

7. At all times relevant herein, defendant POLICE OFFICER JEREMIAS TORRES was and is a police officer of the New York City Police Department, who was assigned to the Manhattan North Impact Response Team and is now assigned to the Central Park Precinct, in the County, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

8. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE NUMBERS 1-5, UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCES HEREIN were police officers of the New York City Police Department and they are believed to be

assigned to the Manhattan North Impact Response Team and other precincts in the County, City and State of New York. At all times relevant herein, they were acting in the capacity of agents, servants and employees of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

9. At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of defendant NEW YORK CITY POLICE DEPARTMENT.

10. In the alternative, at all times relevant hereto, the individual police officer defendants were acting individually and they are also being sued herein in their individual capacities.

11. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers

as said risks attach to the public consumers of the services provided by defendant NEW YORK CITY POLICE DEPARTMENT.

## STATEMENT OF FACTS

12. On or about October 25, 2009, beginning at approximately 4:00 a.m., at the vicinity of 1447 Saint Nicholas Avenue, in the County, City and State of New York, plaintiff CHARLES BATISTA, who resides in the area, had just left a bar/restaurant located at this address and he was outside on a public sidewalk near the vicinity of said location.

13. One of the individual defendant Police Officers grabbed plaintiff CHARLES BATISTA'S arm from behind and another individual defendant Police Officer rushed plaintiff from behind and repeatedly struck him on the head with a baton and/or hard object.

14. Defendants POLICE OFFICERS ROSA, TORRES and JOHN DOE NUMBERS 1-5 continued to beat plaintiff BATISTA repeatedly with batons and/or hard objects, they punched him, threw him to the ground, kicked him, stomped him and struck him repeatedly about his head and body, causing plaintiff BATISTA to bleed profusely and causing him to suffer serious physical injuries to his head and body.

15. Defendants cuffed plaintiff BATISTA with his hands behind his back in an unnecessarily tight manner, transported him to a local precinct, where one or more of the defendant police officers shoved and struck plaintiff BATISTA.

16. After requesting medical attention on numerous occasions, plaintiff BATISTA was finally transported to the hospital, where he was handcuffed to a bed, treated for his

injuries by receiving several staples and stitches to close his head wounds, a series of diagnostic tests and he was later transported back to the precinct.

17. Defendant police officers processed plaintiff BATISTA's arrest and put him through the system, where he held in various cells, forced to remain in handcuffs and leg shackles for an extensive period of time, searched, questioned, fingerprinted and photographed.

18. Plaintiff BATISTA appeared before a judge in the arraignment part of the New York City Criminal Court in New York County and he was charged under docket number 2009NY082694 with a felony count of Assault in the Second Degree, a misdemeanor count of Resisting Arrest and an administrative code violation of Consumption of Alcohol in a Public Place.

19. Based largely upon the false statements provided by the police officer defendants, the Court set bail in the amount of $2,000.00 cash and plaintiff BATISTA was released on bail after being held in custody for over 40 hours.

20. Plaintiff BATISTA was forced to hire private defense attorneys and return to court several times to fight the charges.

21. On or about February 26, 2010, the New York County District Attorney's Office disclosed a video recording of this incident, where it was clear that the defendant police officers assaulted plaintiff BATISTA and that plaintiff BATISTA did not commit the crimes alleged in the criminal complaint. The prosecutors dismissed the felony assault charge, filed a new complaint charging plaintiff BATISTA with a misdemeanor count of Resisting Arrest and an Administrative Code violation of

Consumption of Alcohol in a Public Place and they announced their readiness for trial.

22. After plaintiff BATISTA was forced to appear in Court on several occasions to begin trial and defend himself against these false allegations, the case was finally dismissed and sealed prior to trial on or about September 21, 2010.

23. The above-mentioned acts committed against plaintiff were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the defendants under color of law. Plaintiff alleges that defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are liable for the assault, battery, unlawful detention, false arrest and unlawful imprisonment under a theory of Respondeat Superior. Similarly, defendant CITY OF NEW YORK is liable for maliciously prosecuting plaintiff under a theory of Respondeat Superior. This is because, among other reasons, defendant CITY OF NEW YORK has tolerated and permitted a pattern of illegal actions against persons, including assault, battery, unlawful detention, false arrest and unlawful imprisonment, and has failed to maintain a proper system for reviewing these violations by police officers. As a result, New York City police officers are encouraged to believe that they can violate the rights of persons, particularly young, Hispanic males like plaintiff with impunity.

24. As a result of the defendants' above-mentioned conduct, plaintiff BATISTA suffered severe physical injuries requiring medical attention. Plaintiff BATISTA also suffered deprivation of his liberty, loss of reputation, violation of due process and other Federal and state constitutional rights, and extreme emotional, mental and

psychological anguish, including, but not limited to, loss of memory, slurred speech, delayed thought processes, blurred vision, dizziness, loss of appetite, loss of sleep, nausea, depression, humiliation, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life, performance of daily activities and loss of benefits and/or wages.

### FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights

25. Plaintiff CHARLES BATISTA repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 24 with the same force and effect as if more fully set forth at length herein.

26. The detention of plaintiff without probable cause and without an arrest warrant was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment to the United States Constitution and deprived plaintiff of his liberty.

27. The seizure and deprivation of plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, all committed under color of their authority as police officers, and while acting within that capacity, plaintiff suffered physical harm, deprivation of his liberty and emotional damage, all of which is in violation of his rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the

Constitution and 42 U.S.C. §§1983, 1985, 1986 and 1988.

29. As a further result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, plaintiff was deprived of his rights and immunities secured by the Constitution and laws of the State of New York including, but not limited to, his rights to be secure in his person, to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

30. By assaulting and battering plaintiff and by subjecting plaintiff to false arrest and imprisonment, the defendants directly violated the rules and regulations of the New York City Police Department.

31. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of Five Hundred Thousand Dollars ($500,000.00).

## SECOND CAUSE OF ACTION
### Assault

32. Plaintiff CHARLES BATISTA repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. The individual police officer defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent

and/or menacing act(s) which threatened such contact to plaintiff and that such act(s) caused apprehension of such contact to plaintiff.

34. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

35. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

36. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of Two Million Dollars ($2,000,000.00).

### THIRD CAUSE OF ACTION
#### Battery

37. Plaintiff CHARLES BATISTA repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. The individual police officer defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to plaintiff and caused such battery.

39. The individual police officer defendants were at all times agents, servants, and

employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

40. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

41. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of Five Hundred Thousand Dollars ($500,000.00).

## FOURTH CAUSE OF ACTION
### False Arrest

42. Plaintiff CHARLES BATISTA repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiff's rights under the Constitution and laws of the State of New York.

44. The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of such confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

45. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are

therefore responsible for their conduct.

46. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

47. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of Five Hundred Thousand Dollars ($500,000.00).

## FIFTH CAUSE OF ACTION
### False Imprisonment

48. Plaintiff CHARLES BATISTA repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. The above-mentioned acts and conduct committed by the defendants constituted false imprisonment and defendants violated plaintiff's rights under the Constitution and laws of the State of New York.

50. The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of such confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

51. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

52. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction

to hear and adjudicate such claims.

53. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of Five Hundred Thousand Dollars ($500,000.00).

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

54. Plaintiff CHARLES BATISTA repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55. Defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individual police officer defendants who were unfit for the performance of police duties on the above-mentioned dates and times.

56. The failure of the Mayor of the City of New York and the Police Commissioner of the New York City Police Department to adequately hire, retain, train, supervise, discipline, or in any other way control the behavior of the individual police officer defendants in the exercise of their police functions, and their failure to enforce the laws of the State of New York and the regulations of the New York City Police Department is evidence of the reckless disregard for the rights of the public, including plaintiff, and exhibited a lack of degree of due care which prudent and reasonable individuals would show in executing the duties of the Mayor and

Police Commissioner.

57. Such conduct was carried out willfully, wantonly, maliciously and with reckless disregard for the dangers of harm and injury to the citizens of the State of New York, including plaintiff.

58. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

59. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of Five Hundred Thousand Dollars ($500,000.00).

## SEVENTH CAUSE OF ACTION
### Discrimination on the Basis of Race

60. Plaintiff CHARLES BATISTA repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 59 with the same force and effect as if more fully set forth at length herein.

61. By their conduct as set forth above, the defendants demonstrated that they were motivated in their unlawful actions by reasons of racial discrimination against plaintiff, an African-American man, in violation of the New York Human Rights Law and the New York Executive Law, as well as under the laws of the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and her rights under the Constitution and other laws of the State of New York.

62. That by reason of the foregoing, plaintiff suffered serious physical and emotional

injuries all to his damage in the sum of Five Hundred Thousand Dollars ($500,000.00).

## JURY DEMAND

63.  Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants as follows:

(1)  On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00);

(2)  On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of Two Million Dollars ($2,000,000.00);

(3)  On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00);

(4)  On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00);

(5)  On the FIFTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00);

(6)  On the SIXTH CAUSE OF ACTION against defendants CITY OF NEW YORK

and NEW YORK CITY POLICE DEPARTMENT, compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00);

(7) On the SEVENTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00);

(8) That plaintiff recovers the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

(9) That plaintiff has such other and further relief as this Court shall deem just and proper.

Dated: January 20, 2011
New York, New York

_____
ERIKA MCDANIEL EDWARDS, ESQ. (EE 0960)
Donaldson, Chilliest & McDaniel, LLP
Attorneys for Plaintiff CHARLES BATISTA
1825 Park Avenue, Suite 1102
New York, New York 10035
(212) 722-4900, ext. 303

16